UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George K. Mack,                                   Case No.  3:15-cv-0348

       Plaintiff

v.                                                ORDER OF REMAND

Management & Training Corporation, et al.,

       Defendants

### BACKGROUND AND HISTORY

*Pro se* Plaintiff George K. Mack filed a complaint in Marion County Court of Common Pleas against Management & Training Corporation ("MTC"), and the North Central Correctional Complex ("NCCC").  In the Complaint, he alleges prison officials at NCCC negligently opened his legal mail causing its delivery to him to be delayed.  MTC did not initially file an Answer but instead filed a Motion to Dismiss pursuant to Ohio R. Civ. P. 12(b)(6).  Mack responded to the Motion and indicated MTC and NCCC were negligent and denied him access to the courts.  The Common Pleas Court denied the Motion to Dismiss.  Based on Mack's response to the Motion, MTC filed a Notice of Removal on February 23, 2015, premised on federal question jurisdiction.

### PLAINTIFF'S CAUSES OF ACTION

Mack's Complaint is very brief.  He states that on or about July 30, 2014 at 4:30 p.m., an employee at NCCC negligently opened his legal mail outside of his presence.  He alleges, without

explanation, that he "did not receive his legal mail in a timely manner... ." (ECF No. 1-1 at 1). He claims "[a]s a result, Plaintiff suffered a great deal of emotional pain, delayed in his criminal matter with the 3rd District Court of Appeals, Defiance County, on appealing the judgment entry of Defiance County Common Pleas Court, Defiance, OH 43512." He seeks monetary damages in the amount of $ 100,000.00.

## REMOVAL

Claims originally filed in state court may be removed to federal court by a Defendant if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). MTC relies on 28 U.S.C. § 1441(b), which permits removal of any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Generally, "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow v. CSX Transportation, Inc.*, 431 F.3d 543, 552 (6th Cir. 2006), quoting *Franchise Tax Board of The State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27 (1983).

With respect to removal, § 1446(b), the notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

In this case, Mack's initial Complaint did not raise a federal question. It was based solely on a state law negligence claim. In response to MTC's Motion to Dismiss, Mack stated, "Plaintiff was

denied access to the court in violation of due process of law under the U.S. Constitution... . [I]t caused Plaintiff to receive his legal mail about 10 days later and was then unable to file a timely appeal due to lack of funds and resources." Although the statute does not define "other paper," courts have construed the term liberally. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (finding that responses to deposition questioning may be an "other paper" for purposes of § 1446(b)); *Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1220–21 (8th Cir. 2006) (finding that a response to a motion to transfer which states a federal cause of action is an "other paper" under removal statute). Giving the term a liberal construction, I find Mack's response to MTC's Motion to Dismiss to be "other paper." Therefore, removal was proper.

## ANALYSIS

Plaintiff, however, fails to state a claim upon which relief may be granted against these Defendants under 42 U.S.C. § 1983. While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The federal claim for denial of access to the courts satisfies these criteria.

The only Defendants named in this action are Management & Training Corporation and the North Central Correctional Complex. A corporation and a correctional institution cannot physically open mail. The actions of which Mack complains were committed by an employee of NCCC. While under state tort law, an employer may be held liable for the negligent actions of an employee acting within the scope of his or her employment, *see Byrd v. Faber,* 57 Ohio St.3d 56, 58-61 (Ohio 1991), *respondeat superior* is not a proper basis for liability in a civil rights action under 42 U.S.C. § 1983. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). Mack may only hold an entity liable under § 1983 for the entity's own wrongdoing. *Id.*

3

Therefore, to state a claim against MTC or NCCC, Mack must allege that a policy or custom of the entity inflicted the injury. *Id.* at 694. In other words, he must demonstrate that a responsible state actor was executing the Defendants' policy or acting pursuant to its custom. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). He must identify the policy or custom, connect the policy to the entity, and show that his particular injury was incurred due to execution of that policy. *Id.*

There are no allegations in the original complaint or in Mack's response to Defendants' Motion to Dismiss reasonably suggesting Mack's legal mail was opened pursuant to a policy or custom of MTC or NCCC. Instead, the actions appear to be those of an employee of the Defendants. Mack cannot hold the Defendants liable for the actions of their employees in a § 1983 action.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude his federal law claim under 42 U.S.C. § 1983 cannot proceed against these Defendants. His claim for denial of access to the courts is dismissed without prejudice. No other federal claims are present and there is no other basis for federal court jurisdiction. The Marion County Court of Common Pleas previously determined that Plaintiff stated a plausible negligence claim. This action is remanded to the Marion County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge